UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                               :

**COREEN BANDALOS**,                  :

                 Plaintiff,       :

                                 :    **MEMORANDUM DECISION AND**
                                    **ORDER**

          – against –         :
                                 :    23-CV-0135 (AMD) (JMW)

**STONY BROOK UNIVERSITY MEDICAL**   :
**CENTER**,                                :

                 Defendant.     :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff alleges that the defendant, her former employer, discriminated against her on the basis of her religion when it denied her request for a religious exemption from the New York State Department of Health's vaccine mandate requiring certain healthcare workers to be vaccinated against COVID-19.  Before the Court is the defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons explained below, the defendant's motion is granted.

### BACKGROUND[1]

In August 2021, while the COVID-19 pandemic was still surging in New York, then-Governor Andrew Cuomo announced that all healthcare workers in New York would be required to be vaccinated against COVID-19 by September 27, 2021.  (ECF No. 1 at 14–15, 17); *see also*

---

[1] The facts are drawn from the complaint; the documents attached as exhibits; the plaintiff's opposition to the motion to dismiss; and the documents attached to the defendant's motion to dismiss, to which the plaintiff refers in the complaint.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (a court "may consider factual allegations made by a *pro se* party in [her] papers opposing" a motion to dismiss, so long as they are consistent with the facts raised in the complaint); *Castiblanco v. Am. Airlines, Inc.*, No. 17-CV-5639, 2019 WL 4751880, at *6 (E.D.N.Y. Sept. 29, 2019) (considering a document "which is attached to Defendant's motion to dismiss, because it is referenced by the amended complaint and is relied on by Plaintiff").

*Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 128–29 (E.D.N.Y. 2022) (arising out of the same underlying facts).

On August 18, 2021, the New York State Health Commissioner issued a short-term emergency order which required hospitals to ensure that hospital personnel were fully vaccinated against COVID-19; the order defined "personnel" as "members of the medical and nursing staff . . . who engage in activities such that if they were infected with COVID-19, they could potentially expose, patients, residents, or personnel working for such entity to the disease." *Hochul*, 632 F. Supp. 3d at 129.  The order required covered employees to get the first dose of the vaccine by September 27, 2021.  There were limited exemptions for religious objections and medical contraindications.  (*See* ECF No. 1 at 14–15, 17); *see also Hochul*, 632 F. Supp. 3d at 129.  By law, the emergency order was effective for only 15 days.  *Hochul*, 632 F. Supp. 3d at 129 n.11.

On August 26, 2021, New York's Department of Health adopted emergency regulation 10 N.Y.C.R.R. § 2.61.  *Hochul*, 632 F. Supp. 3d at 130.  Section 2.61 required that covered entities "continuously require personnel to be fully vaccinated against COVID-19, with the first dose for current personnel received by September 27, 2021 for general hospitals."  10 N.Y.C.R.R. § 2.61.  Section 2.61 defined "personnel" as the Emergency Order did.  *Hochul*, 632 F. Supp. 3d at 130.  "Unlike the Emergency Order, Rule 2.61 did not include a religious exemption." *Id.* at 130–31.

When the vaccine mandate was adopted, the plaintiff, a "practicing Roman Catholic Christian," was a nurse in the Breast Care Center of the defendant hospital.  (ECF No. 11 at 9; ECF No. 1 at 14; ECF No. 8-1 at 18.)  On about August 24, 2021, the defendant adopted a policy

of mandatory vaccination for COVID-19, consistent with the Department of Health's mandate. (*See* ECF No. 1 at 17.)

On about September 9, 2021, the plaintiff requested a religious exemption from the vaccination policy; the basis of her request was her objection to the use of "fetal cell lines" in the "research and development of the [vaccines]," which she said conflicted with her religious beliefs. (*See id.*; ECF No. 8-1 at 17–23 (Request for Religious Exemption from the COVID-19 Vaccine).)

On September 10, 2021, the defendant informed the plaintiff that the religious exemption had been removed by the Department of Health. (ECF No. 1 at 17.) On September 14, 2021, Northern District Judge David Hurd issued a Temporary Restraining Order enjoining the State from enforcing Section 2.61. *Dr. A v. Hochul*, No. 21-CV-1009, 2021 WL 4189533 (N.D.N.Y. Sept. 14, 2021).[2] While Section 2.61 was enjoined, the plaintiff submitted a second religious exemption request on September 17, 2021, before the defendant decided her first one. (ECF No. 1 at 17–18.)

In a September 27, 2021 letter, the defendant notified the plaintiff that her exemption request was "denied" after "careful review," and that she had a deadline of October 4, 2021 to submit proof that she had gotten her first dose of the COVID-19 vaccine. (ECF No. 8-1 at 25; *see* ECF No. 11 at 19.) On September 29, 2021, the defendant again notified the plaintiff that her exemption request had "been considered and denied." (ECF No. 8-1 at 27 (September 29, 2021 Letter); ECF No. 1 at 18.) The defendant advised the plaintiff that it was placing her "on a leave without pay . . . until October 6, 2021," to "allow [her] time to comply with the State

---

[2] On October 29, 2021, the Second Circuit reversed Judge Hurd's order and vacated the preliminary injunction. *See We The Patriots USA, Inc. v. Hochul* ("*We The Patriots I*"), 17 F.4th 266 (2d Cir. 2021) (per curiam).

Department of Health's vaccine mandate." (ECF No. 8-1 at 27.) If the plaintiff did not comply with the mandate, she would "be suspended without pay pending termination." (*Id.*) On October 5, 2021, the defendant sent the plaintiff another letter in which it reminded her that it had denied her request for a religious exemption, and that it was extending her deadline for compliance to October 12, 2021. (*Id.* at 29; ECF No. 1 at 18.) The plaintiff did not get vaccinated, and the defendant issued her a "Notice of Suspension Without Pay" on October 13, 2021. (ECF No. 8-1 at 31; ECF No. 1 at 18.) On October 15, 2021, the defendant issued a "Notice of Discipline" with a "proposed penalty" of termination for her failure to comply with the vaccine mandate. (ECF No. 8-1 at 38–39; ECF No. 1 at 19.) The plaintiff resigned from her position. (*See* ECF 1 at 20; ECF No. 11 at 9.)[3]

The plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 20, 2021,[4] and she received a Notice of Right to Sue on October 11, 2022. (ECF No. 1 at 5, 12.)

The plaintiff commenced this action on January 9, 2023. (ECF No. 1.) She brings a claim under Title VII for discrimination on the basis of her religion, and seeks monetary damages. (*Id.*) The defendant moves to dismiss the complaint in its entirety for failure to state a claim. (ECF No. 6.)

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[3] The plaintiff did not specify on what date she resigned.

[4] The plaintiff did not provide a copy of the EEOC Charge.

4

inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and alterations omitted).

Because the plaintiff is proceeding *pro se*, the Court construes her complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  The plaintiff's claims must be read "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citations omitted).

## DISCUSSION

### I.     The Plaintiff Does Not Allege Circumstances Giving Rise to an Inference of Discrimination

The *McDonnell Douglas* burden-shifting framework governs the plaintiff's claim of religious discrimination based on disparate treatment.  (*See* ECF No. 11 at 17–21); *Adams v. N.Y. State Unified Ct. Sys.*, No. 22-CV-9739, 2023 WL 5003593, at *3 (S.D.N.Y. Aug. 4, 2023) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Under that standard, the plaintiff must allege that "[1] she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) 'the adverse action occurred under circumstances giving rise to an inference of discrimination.'" *Id.* (quoting *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (cleaned up)).  "If she does so, 'the

burden then shifts to the employer to articulate a legitimate, non-discriminatory . . . reason for the adverse action.'" *Id.* (quoting *Demuth v. United States SBA*, 819 F. App'x 23, 25 (2d Cir. 2020) (summary order)).  "If the employer satisfies its burden, the plaintiff must then show that the reasons presented were a pretext for discrimination . . . ." *Id.*  "At the motion to dismiss phase of litigation, the plaintiff need only give plausible support to a minimal inference of discriminatory motivation; she need not plausibly allege that the adverse employment action was attributable to discrimination." *Tandian v. State Univ. of New York*, No. 22-CV-1401, 2023 WL 8827577, at *6 (N.D.N.Y. Oct. 13, 2023) (cleaned up).

The parties agree that the plaintiff is a member of a protected class because she is Roman Catholic, *Lotosky v. Univ. of Rochester*, 192 F. Supp. 2d 127, 134 (W.D.N.Y. 2002), and that she was subjected to an adverse employment action when she was suspended without pay before she resigned, *see Turner v. Nat'l R.R. Passenger Corp.*, 181 F. Supp. 2d 122, 134 (N.D.N.Y. 2002).

But the plaintiff has not plausibly alleged that she was qualified for her position at the time of her suspension.  The plaintiff, a "Teaching and Research Center Nurse II" who treated patients at the Stony Brook Medical Center in the Breast Care Center, was unquestionably qualified for her position before the defendant instituted the vaccine requirement.  As the plaintiff admits in the complaint and the opposition to the motion to dismiss, the defendant's adoption of the COVID-19 vaccination requirement—which was itself required by the Department of Health—"creat[ed] a new condition of employment."  (ECF No. 11 at 18.)  In other words, the vaccine mandate "changed [the plaintiff's] job requirements to include that she must be vaccinated with one of the COVID-19 vaccines unless she received an authorized exemption." *Tandian*, 2023 WL 8827577, at *7.  The plaintiff did not get the vaccine and her request for an exemption was denied; accordingly, she has not alleged that she was qualified for

her position at the time of her suspension in October 2021.  *See We The Patriots I*, 17 F.4th at 293–94 ("Although individuals who object to receiving the vaccines on religious grounds have a hard choice to make, they do have a choice.  Vaccination is a condition of employment in the healthcare field; the State is not forcibly vaccinating healthcare workers.").

Nor has the plaintiff plausibly alleged that the defendant was motivated by religious discrimination in adopting the vaccine requirement or in denying her exemption.  As an initial matter, the defendant was complying with Section 2.61, which did not include a religious objection.  The plaintiff cites the timing of the September 27, 2021 denial of her exemption request, which she received "approximately three minutes after [she] submitted [her] request." (ECF No. 11 at 19–20.)  But according to her complaint, the September 27 request was her second exemption request; she submitted her first request on September 9, 2021, 18 days before the defendant denied the request on September 27, 2021.  (ECF No. 1; *see also* ECF No. 8-1 at 25, 27.)

In any event, the timing of the denial of her exemption is irrelevant, because it is not related to her religion.  *See Andretta v. Napolitano*, 922 F. Supp. 2d 411, 422 (E.D.N.Y. 2013) (allegations that are neutral as to protected characteristic are insufficient to give rise to an inference of discrimination); *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 92 n.2 (2d Cir. 2001) (same).  The plaintiff does not identify any similarly situated employees who were treated differently in a way that suggests that the timing of the defendant's denial of her request was discriminatory.  *Salas v. New York City Dep't of Investigation*, 298 F. Supp 3d 676, 688 (S.D.N.Y. 2018).

The plaintiff has not plausibly alleged religious discrimination.  Accordingly, the claim is dismissed.[5]

## II.    The Plaintiff Does Not Allege a Failure to Accommodate

Title VII "directs an employer to 'reasonably accommodate' an employee's 'religious observance or practice,' unless such accommodations would impose 'undue hardship on the conduct of the employer's business.'"  *Cagle v. Weill Cornell Med.*, No. 22-CV-6951, 2023 WL 4296119, at *3 (S.D.N.Y. June 30, 2023) (citing 42 U.S.C. § 2000e(j)).  "To make out a *prima facie* case of religious discrimination under Title VII through a failure to accommodate, an employee must demonstrate that (1) she had a bona fide religious belief conflicting with an employment requirement, (2) she informed her employer of this belief, and (3) was disciplined for failing to comply with the employment requirement."  *Id.* (citing *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001)).  "If the employee is able to make out a *prima facie* case, the burden shifts to the employer to show that it either offered the employee a reasonable accommodation or that doing so would cause an undue burden."  *Id.* (citing *Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006)).  "An accommodation presents an undue burden when the 'accommodation would result in substantial increased costs in relation to the conduct of [an employer's] particular business.'"  *Id.* (quoting *Groff v. DeJoy*, 600 U.S. 447, 470 (2023)).

---

[5]  The Court does not have a copy of the EEOC charge, so it is not clear whether the plaintiff exhausted her administrative remedies as to this claim, further supporting dismissal.  *See Fowlkes*, 790 F.3d at 386; *Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs*, No. 14-CV-2496, 2015 WL 3867565, at *5 n.3 (S.D.N.Y. June 23, 2015) ("The UFT has not indicated which claims Henriquez-Ford included in her EEOC charge; nor have they submitted a copy of that charge with the Court. . . .  Accordingly, to the extent that Henriquez-Ford's EEOC charge against the UFT did not include some of the federal claims that she asserts in this action, Henriquez-Ford has failed to administratively exhaust those claims, and therefore, . . . they must be dismissed.")  The email from the EEOC notifying the plaintiff of the issuance of her right-to-sue letter refers only to failure-to-accommodate religious discrimination claim. (*See* ECF No. 1 at 12–13.)

The plaintiff's claim fails because her exemption request would have imposed an undue burden on defendant.  *Id.* at \*4 ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) if the defense appears on the face of the complaint." (cleaned up)).  A "long line of cases in the Southern and Eastern Districts of New York have considered the application of Section 2.61's Mandate to persons whose religious beliefs allegedly conflict with the taking of a COVID-19 vaccine," and those cases have "uniformly rejected claims that an employer is required by Title VII to accommodate a request for a religious exemption from the Mandate at the cost of violating Section 2.61 and thus New York law."  *Id.* (collecting cases); *see Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-2929, 2023 WL 3467143, at \*5 (S.D.N.Y. May 15, 2023) ("Title VII cannot be used to require employers to break the law.").  Those cases are indistinguishable from the plaintiff's; accordingly, the plaintiff's complaint does not plausibly allege religious discrimination under Title VII by a failure to accommodate.

The plaintiff argues that there are unresolved "factual issues" about whether there was an accommodation that would not have caused the defendant "undue hardship."  (ECF No. 11 at 14–17.)  The plaintiff suggests accommodations that she asserts would have enabled her to remain unvaccinated and still work at the hospital, including a combination of personal protective equipment, testing, and "moving exempted personnel to positions with less chance of exposure to Covid-19 within the hospital."  (*Id.*)

The plaintiff does not allege that she requested the "accommodations" she suggests in her opposition.  Rather, she requested only a blanket exemption.  (*See* ECF No. 8-1 at 17–23 (Request for Religious Exemption from the COVID-19 Vaccine); *St. Hillaire v. Montefiore Med. Ctr.*, No. 23-CV-4763, 2024 WL 167337, at \*3 (S.D.N.Y. Jan. 16, 2024) ("Plaintiff does not

allege that she ever requested an accommodation that would have removed her from the scope of the DOH Mandate.  Plaintiff requested only a 'religious accommodation/exemption' from the DOH Mandate.  Employees are not entitled to a blanket religious exemption allowing them to continue working at their current positions unvaccinated." (cleaned up)).  Even if she had, however, the defendant could not have granted these accommodations without violating the vaccine mandate, which required "personnel" to be vaccinated absent an exemption.  10 NYCRR § 2.61the-(d); *We The Patriots USA, Inc. v. Hochul* ("*We The Patriots II*"), 17 F.4th 368, 370 (2d Cir. 2021) ("To repeat: if a medically eligible employee's work assignments mean that she qualifies as 'personnel,' she is covered by the Rule and her employer must 'continuously require' that she is vaccinated against COVID-19.").  New York's rule did not include a religious exemption.  *Hochul*, 632 F. Supp. 3d at 130–31; (ECF No. 1 at 17.)  The mandate "on its face, does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Rule," but it does bar religious exemptions.  *We The Patriots I*, 17 F.4th at 292.

The plaintiff was covered by the New York rule's definition of "personnel," because as a nurse in the Breast Care Center, she "could potentially expose other covered personnel [or] patients . . . to the disease."  10 NYCRR § 2.61(a)(2).  That rule did not permit the "accommodations" that the plaintiff sought.  Moreover, "even if [she] could perform some tasks remotely, it is inescapable, . . . [that] any accommodation that would entirely remove [the plaintiff] from the hospital, and from all in-person interaction with patients and staff, would result in at least a de minimis burden on [the defendant]."  *Shahid-Ikhlas v. New York And Presbyterian Hosp., Inc.*, No. 22-CV-10643, 2023 WL 3628151, at *5 (S.D.N.Y. May 5, 2023), *report and recommendation adopted* 2023 WL 3626435 (S.D.N.Y. May 24, 2023); *see also*

*Kane v. de Blasio*, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022) (dismissing claims challenging constitutionality of vaccine mandate applicable to New York City Department of Education staff because "[p]laintiffs' inability to teach their students safely in person presents more than a *de minimis* cost"); *Robinson v. Children's Hosp. Bos.*, No. 14-CV-10263, 2016 WL 1337255, at *8 (D. Mass. Apr. 5, 2016) (an employer is not required "to create a position to accommodate an employee's religious beliefs") (citing *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 83 (1977)).  "At a minimum, [the plaintiff] would be unable to perform patient care duties requiring physical contact with patients and, thus, [the defendant] would have to require another nurse to cover those duties or hire a replacement nurse.  Either option would impose a cost on [the defendant] of the kind the Supreme Court has found to be more than *de minimis*."  *Shahid-Ikhlas*, 2023 WL 3628151, at *5.[6]

The plaintiff has not plausibly alleged religious discrimination for failure to accommodate.  Accordingly, the complaint is dismissed.

---

[6] In her opposition, the plaintiff suggests that she is bringing claims pursuant to § 1983, the First and Fourteenth Amendments, the New York State Human Rights Law, and the New York City Human Rights Law.  (ECF No. 11.)  "Even a plaintiff proceeding *pro se* may not raise entirely new causes of action for the first time in [her] opposition papers."  *Herrera v. Navient Corps.*, No. 19-CV-06583, 2020 WL 3960507, at *5 (E.D.N.Y. July 13, 2020) (internal quotation marks omitted).  The Court therefore does not address these claims.

**CONCLUSION**

For these reasons, the defendant's motion to dismiss is granted in its entirety.

In an abundance of caution and in light of the plaintiff's *pro se* status, the Court grants leave to amend the complaint. The plaintiff has 30 days to file an amended complaint, which must be captioned "Amended Complaint" and bear the same docket number as this order: 23-CV-0135 (AMD) (JMW).

The amended complaint completely replaces the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within the time allowed or show good cause for an extension to file the amended complaint, the Court will direct the Clerk of Court to enter judgment and close this case. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff and to note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
        March 26, 2024